Rutherford B. Hayes
Risk Management and Tort Defense Division
P.O. Box 200124
Helena, MT 59620-0124
(406) 444-2485
Facsimile: (406) 444-2592
Rutherford.Hayes2@mt.gov

Attorney for State Defendants

IN THE UNITED STATES DISTRICT COURT,
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| KENNETH JAY FLYNN,<br><br>                           Plaintiff,<br><br>v.<br><br><br>CALUM T. CHRISTIAN, JUDGE JASON MARKS, et al.,<br><br>                       Defendants. | Cause No.: CV 22-00098-GF-BMM<br><br><br>**STATE DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS AND NOTICE OF APPEARANCE** |

Defendants Judge Jason Marks, Attorney General Austin Knudsen, Michael Moree, and Jeff Wilson (collectively "State Defendants"), represented by counsel Rutherford B. Hayes of the Montana Department of Administration, Risk

Management and Tort Defense Division, respectfully request this Court dismiss Plaintiff's Amended Complaint against them for failure to state a claim.

## FACTUAL BACKGROUND

As this is a Rule 12 motion, only the facts pled in the Amended Complaint are relevant to the present motion. The Amended Complaint is a hand-written document which is far from a model of clarity as to what claims are being presented, and upon what basis. However, Judge Marks is apparently sued for appointing a conservator for Plaintiff in a guardianship action that Plaintiff did not like.  Amend. Compl., 8. Attorney General Knudsen is sued solely for not invoking the alleged power in § 2-15-501, MCA to remove the guardianship action from Missoula County Attorney Pabst and then dismiss it. Amend. Compl., 8. Finally, Defendants Moree and Wilson are sued under § 1983 alleging Sixth Amendment violations because they would not file motions to dismiss on the basis that the doctors involved in the guardianship proceeding were "fake" as Flynn alleges. Amend. Compl., 11. Much of the rest of the meandering Amended Complaint deals with various grievances and conspiracy theories that Flynn already brought similar claims against other defendants (almost all of them unnamed in this lawsuit) in CV 19-58-M-DLC, which was dismissed by this Court on prosecutorial immunity, judicial immunity, and because Flynn's defense attorneys were not state

actors; these claims have already been adjudicated and are time-barred, and thus will not be addressed here.

## LEGAL STANDARD

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept as true the plaintiffs well-pied facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the

speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted).

## ARGUMENT

### I.     Judge Marks is entitled to absolute judicial immunity.

The claim against Judge Marks is that he had jurisdiction over the guardianship action and appointed a conservator that Plaintiff did not like. Amend. Compl., 8. Judge Marks is entitled to absolute judicial immunity and must be dismissed with prejudice.

Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). For purposes of judicial immunity, "[a] clear absence of all jurisdiction means a clear lack of subject matter jurisdiction." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1389 (9th Cir. 1987) cert. denied, 486 U.S. 1040 (1988). The Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, ... however injurious in its consequences it may have proved to the plaintiff" and irrespective of the judge's motivation. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985).

Judge Marks is a sitting Montana District Court Judge in Missoula. He had subject matter jurisdiction to hear a petition for involuntary guardianship and to appoint a financial conservator pursuant to § 3-5-302 and Title 72, Chapter 5 of the Montana Code Annotated. No further analysis is required, and Judge Marks is entitled to dismissal with prejudice from this action.

## II.    Attorney General Knudsen is not a proper defendant.

Next, Plaintiff attempts to plead a claim against the Montana Attorney General, Austin Knudsen, for failing to intervene in the guardianship action in front of Judge Marks and dismiss the action. The Attorney General of Montana has supervisory power to "order and direct county attorneys in all matters pertaining to the duties of their office." § 2-15-501, MCA. Plaintiff does not indicate what exact cause of action is pled against AG Knudsen, but it is indicated to be a personal capacity claim and that "supervisory control by the Montana Attorney General Austin Knudsen was missing." Amend. Compl., 7-B. Plaintiff asserts this is a § 1983 claim, hence federal question jurisdiction making jurisdiction before this Court proper. The AG will respond accordingly.

Absent a successful claim under § 1983 against Defendant Missoula County Attorney Pabst, the Attorney General must be dismissed from this action because he cannot be liable for failing to intervene and stop a civil rights violation by a prosecutor absent a finding that the subordinate employee (granting for the sake of

argument that § 2-15-501 makes AG Knudsen a direct supervisor of the Missoula County Attorney) did in fact commit a civil rights violation. Undersigned counsel does not represent County Attorney Pabst in this matter but is aware she has been served and anticipates she will seek to be dismissed from this case on prosecutorial immunity rather than answer the Amended Complaint. § 1983 liability only arises from personal involvement in alleged violations, and supervisors are only liable if they participated in or directed the violations or knew of the violations and failed to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir., 1989). A supervisory officer's liability can only be predicated upon a violation of the plaintiff's federal right. It is axiomatic, therefore, that absent an underlying violation of an individual's constitutional rights committed by subordinate officers, supervisory personnel can have no liability for their own personal involvement in the subordinate officers' conduct. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Plaintiff's sole allegation against AG Knudsen is that Plaintiff sent a letter to the AG's Office mailbox complaining about County Attorney Pabst's guardianship action and AG Knudsen never personally intervened and dismissed it. This fails to plausibly state a claim for relief under § 1983. Plaintiff alleges that "the guardianship was designed to rid the threat of plaintiff's discovery and retaking his mineral rights designed to finance Trumps new order that failed to separate our

country." Amend. Compl., 7-B. This allegation is nonsensical and does not plausibly state a claim that AG Knudsen would have been properly put on notice that he needed to intervene or that something was going on with this random guardianship case in front of Judge Marks in Missoula County. Even if AG Knudsen were alleged to have personally read the letter, he would be entirely within his rights to disregard and form the opinion that Plaintiff indeed was properly being subjected to guardianship proceedings. The bar for supervisory § 1983 liability is incredibly high, and the instant action is nowhere close to clearing it with regard to the Montana Attorney General. Attorney General Knudsen should be dismissed from this action with prejudice.

### III.   Defendants Moree and Wilson were Plaintiff's public defenders, and public defenders are not "persons" for the purposes of § 1983 because they do not act under the color of state law.

Finally, Defendants Moree and Wilson should be dismissed with prejudice because § 1983 claims are improper against public defenders. Despite technically being employed by the government, public defenders have long been held to be improper defendants under § 1983 actions because they do not act under color of state law when they are representing clients in court. *Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981). This is because, ethically and legally, a public defender owes an undivided duty of loyalty to their client, and no loyalty whatsoever to the State. *Id.*, at 320. "[I]t is the function of the

public defender to enter "not guilty" pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make closing arguments in behalf of Defendants." *Id.* "All of these are adversarial functions. We find it peculiarly difficult to detect any color of state law in such activities." *Id.* "[A] defense lawyer is not, and by the nature of his function cannot be, the servant of an administrative superior. Held to the same standards of competence and integrity as a private lawyer, see *Moore* v. *United States*, 432 F.2d 730 (CA3 1970), a public defender works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client." *Id.* at 321.

Plaintiff has made no such allegation here, and instead is situated the same as Dodson was; he was an indigent client of the public defender's office who is attempting to raise Sixth Amendment violations against his appointed counsel under § 1983. As Defendants Moree and Wilson were not acting under color of state law, they cannot be "persons" for a § 1983 lawsuit and thus must be dismissed with prejudice from this action.

## CONCLUSION

Defendants Marks, Knudsen, Moree, and Wilson respectfully request this court grant the present motion and dismiss the action against them with prejudice. Judge Marks is entitled to absolute judicial immunity and had subject-matter

jurisdiction over the guardianship action brought involving Plaintiff. AG Knudsen had no personal involvement in the alleged deprivation of rights by Missoula County Attorney Pabst and further cannot be liable for such an alleged deprivation of rights if County Attorney Pabst successfully gets this action dismissed against her on prosecutorial immunity or other grounds. Finally, Defendants Moree and Wilson were Plaintiff's appointed public defenders and did not act under color of state law while representing him, and thus are not "persons" for the purposes of § 1983. All State Defendants should be dismissed with prejudice.

DATED this 17th day of November, 2022.

BY:    _/s/ Rutherford B. Hayes_____
        Rutherford B. Hayes
        Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing **BRIEF IN**

**SUPPORT OF MOTION TO DISMISS AND NOTICE OF APPEARANCE**

was mailed postage prepaid, to the following persons at the address shown below:

Kenneth J. Flynn
615 1st Ave
PO Box 232
Gildford, MT 59525

DATED this 18th day of November, 2022.

BY:   _/s/ Rutherford B. Hayes_____
Rutherford B. Hayes
Attorney for Defendants