BRIAN J. WEST
Chief Civil Deputy County Attorney
KIRSTEN H. PABST
Missoula County Attorney
200 West Broadway
Missoula, Montana 59802
406-258-4737
bwest@missoulacounty.us

Attorney for Defendants Kirsten Pabst and Shirley Faust

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| KENNETH JAY FLYNN, <br><br> Plaintiff, <br> v. <br><br> KIRSTIN PABST, JASON MARKS, MICHAEL JOHN MORSE, FALLON S. FLYNN, AUSTIN KNUDSEN, JON TESTER, CALVIN T. CHRISTIAN, HOLLY M. MOHERCICH, SHIRLEY FAUST, THOMAS GRAY, CHRISTOPHER JONS, and JEFF WILSON, <br><br> Defendants. | Cause No. CV-2022-98 <br><br> **BRIEF IN SUPPORT - DEFENDANTS PABST'S AND FAUST'S MOTION TO DISMISS [FRCP 12(b)(6)]** |

Defendants Pabst and Faust, through counsel, respectfully submit this brief in support of their joint motion to dismiss Plaintiff Kenneth Flynn's Amended Complaint (Doc 4) for failure to state a claim upon which relief may be granted. The docket report indicates Flynn has moved to amend or supplement the already served complaint. (Docs 7, 9, 10, 12). These documents have not been formally

served on Pabst or Faust. Given Flynn's prior litigation history and having already amended his complaint once, Faust and Pabst request the Court deny further amendments and dismiss the matter with prejudice.

## BACKGROUND

The Amended Complaint is comprised of a handwritten document and two attachments, themselves containing numerous handwritten annotations sporadically peppered throughout. To the best of Counsel's understanding, Flynn claims a violation of constitutional rights by Pabst and Faust via 42 U.S.C. § 1983. Amend. Compl., 1. The claims are primarily grounded in a recent guardianship brought in the Fourth Judicial District by Flynn's daughter Fallon before Judge Marks under cause DG-21-126. Amend. Compl., 8, 12. Faust has had no direct dealings or interactions with Plaintiff Kenneth Flynn serving in her official role as Clerk of Court. Amend. Compl., 10. Pabst was not a party to the proceedings. Regarding Pabst, Flynn further resurrects unsubstantiated conspiracy claims from a failed § 1983 action he brought against her[1] in *Kenneth Flynn v. Kirsten Pabst, et al.,* CV 19-58-M-DLC. Amend. Compl. 14, 21. Flynn's claims against the remaining named defendants appear not to directly implicate the actions of Pabst and Flynn by stemming from a decades old divorce and an unsubstantiated broad conspiracy

---

[1] Co-defendants in the 2019 matter include former District Court Judge Karen Townsend, former Missoula Deputy County Attorney Selene Koepke, all of Flynn's defense team and investigators, and the Missoula Police Department who participated in *State v. Kenneth Flynn,* DC-16-582.

BRIEF IN SUPPORT OF MOTION  2
TO DISMISS FRCP 12(b)(6) - PABST & FAUST

against Flynn's mineral rights and this motion will not address the substance of those claims beyond the preliminary assertion that Flynn has not sufficiently plead a case.

## LEGAL SUPPORT

"A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Whipple v. Mann Mortg., LLC*, 2014 U.S. Dist. LEXIS 50756 at *7-8 (D. Mont. Feb. 18, 2014) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). A complaint should be dismissed under Rule 12(b)(6) if it "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Blum v. Barrett Hosp. Dev. Corp.*, No. CV 16-38-BU-BMM-JCL, 2016 U.S. Dist. LEXIS 186199 at *5 (D. Mont. Sep. 30, 2016) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss. *Whipple,* 2014 U.S. Dist. LEXIS 50756 at *7-8 (citing *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011)).

The Court is effectively limited to the Complaint and attachments, however the Court may also consider and take judicial notice of matters of public record, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), and on which the complaint "necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels-Hall v. Nat'l Educ. Assn.*, 629 F.3d 992, 999 (9th Cir. 2010). In doing so, the Court need not convert the matter to a motion for summary judgment. *Id.*

## ARGUMENT

A. FLYNN'S UNSPECIFIED RIGHTS VIOLATIONS DO NOT MEET PLEADING STANDARDS

Federal Rule of Civil Procedure 8(a)(2), requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not require detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The Supreme Court determined in Iqbal that "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted). Iqbal clarified that a court is not bound to accept legal

conclusions couched as factual conclusions, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-679. Moreover, mere conclusory statements are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679.

In this case, Plaintiff's Complaint is handwritten, lengthy, and extremely difficult to read. It appears that Plaintiff is alleging unspecified "rights violations," and violations against the other defendants, such as attorneys and real estate professionals. To the extent that Plaintiff might also be attempting to bring these claims against Pabst and Faust, he fails to assert any facts in support. Plaintiff's allegations are thus 100% conclusory and "devoid of further factual enhancement," which the Supreme Court has explicitly rejected.

B. DEFENDANT FAUST IS ENTITELD TO QUASI-JUDICIAL IMMUNITY UNDER § 1983 FOR ACTIONS AS CLERK OF COURT

Shirley Faust has served as Missoula County's Clerk of Court since 2002. Flynn seeks damages under § 1983 against Faust related to the guardianship filed in the Fourth Judicial District. Faust did not individually participate in Fallon Flynn's guardianship proceeding except through her official duties as the elected Clerk of Court. Flynn argues that Faust failed to file his documents at the direction of Judge Marks. Amend. Compl., 8. Judges are entitled to absolute judicial immunity. *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1986). Clerks of Court are

entitled to quasi-judicial immunity when they perform tasks that are integral to the judicial process. *Shipp v. Todd*, 568 F.2d 133, 134 (9th Cir. 1978). Faust's filing or non-filing of documents at the Court's direction in the guardianship proceeding are actions that are integral to the judicial process and, as such, subject to quasi-judicial immunity, thus barring Flynn's claims. Faust should be dismissed from the matter.

  C. DEFENDANT PABST IS ENTITELD TO IMMUNITY UNDER § 1983 FOR ACTIONS AS COUNTY ATTORNEY AND CLAIMS ROOTED IN PRIOR CLAIMS ARE BARRED BY RES JUDICATA.

Counsel understands Flynn's claim to be in acting as County Attorney Kirsten Pabst either perpetuated a faulty guardianship in DG-21-126 or, alternatively and to a fault, ignored the same proceedings when brought to her attention. Amend. Compl., 12. First and critically, Pabst did not participate in the proceeding in DG-21-126. The matter was perpetuated by Flynn's daughter. Second, while Montana law permits County Attorneys to petition for guardianships via Montana Code Annotated § 72-5-315(1), assuming, *arguendo*, Pabst had participated, she would be immune from damages. Pabst acting in her capacity as County Attorney is entitled to absolute prosecutorial immunity. *Van de Kamp v. Goldstein,* 555 U.S. 335, 129 S. Ct. 855, 861 (2009). Government officials performing discretionary functions are entitled to qualified immunity shielding them from damage claims. *Anderson v. Creighton*, 483 U.S. 635, 638 (1987) The

9th Circuit has extended quasi-judicial immunity to government attorneys working in a civil defense capacity akin to a guardianship proceeding. *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Circ. 2001). While Pabst was not a participant or party to the guardianship, she should be entitled to absolute quasi-judicial immunity in performance of a duty as County Attorney. *Id.*

Next, Flynn attempts to relitigate his claims from CV 19-58-M-DLC drawing them into his new theories involving former legal counsel and Representative-elect Ryan Zinke. Amend. Compl. 16. To the extent Flynn's current claims extend from prior prosecution, those complaints have been previously litigated. Flynn's conspiratorial allegations against Pabst were dismissed by the trial court in CV 19-58-M-DLC and that dismissal affirmed through the appellate court in 19-3540. Raising them through this matter is barred by the doctrine of *res judicata*. The doctrine works to both ensure finality of decisions and, critical here, both conserve judicial resources and insulate litigants from multiple lawsuits. *McClain v. Apodaca*, 793 F.2d 1031, 1032-1033 (9th Cir. 1986) (internal citations omitted). The previous complaint filed by Flynn was dismissed by Judge Christensen on September 30, 2019. Any allegations stemming from Flynn's 2016 criminal prosecution or the 2019 civil suit have been adjudicated and are now barred. Again, his claims against Pabst should be dismissed.

D. FURTHER AMENDMENT OF THE PLEADINGS SHOULD BE DENIED

By precedent, pro se plaintiffs are generally granted an opportunity to amend their complaint to remedy deficiencies, "…unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984). Flynn's complaint does not warrant additional leave to amend against Faust or Pabst. No additional facts could be adduced which would change the fact that neither Pabst or Faust participated in the guardianship that Flynn complains of, nor can it change the fact that his unsubstantiated theories of conspiracy, fraud, and (to borrow his term) "skullduggery" attributed to Pabst have been previously considered by the Court and found lacking.

## CONCLUSION

For the foregoing reasons, Defendants Pabst and Faust request an order denying Flynn's repeat requests to amend pleadings and dismissing the claims against them.

Dated this 22nd day of November, 2022

*/s/ Brian J. West*
Brian J. West
Chief Civil Deputy County Attorney
