Matthew B. Hayhurst
Tyler M. Stockton
BOONE KARLBERG P.C.
201 West Main, Suite 300
P. O. Box 9199
Missoula, MT 59807-9199
Phone: (406) 543-6646
Fax:    (406) 549-6804
mhayhurst@boonekarlberg.com
tstockton@boonekarlberg.com
*Attorneys for Defendant Calvin T. Christian*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| KENNETH JAY FLYNN, <br><br> Plaintiff, <br><br> v. <br><br> KRISTIN PABST, JASON MARKS, MICHAEL JOHN MOREE, FALLON S. FLYNN, AUSTIN KNUDSEN, JON TESTER, CALVIN T. CHRISTIAN, HOLLY M. MOHERCICH, SHERLEY FAUST, THOMAS GRAY, CHRISTOPHER JONS and JEFF WILSON, <br><br> Defendants. | CV 22-00098-GF-BMM <br><br><br> **DEFENDANT CALVIN T. CHRISTIAN'S MOTION TO DISMISS** |

Defendant Calvin T. Christian ("Christian") moves this Court for an

order dismissing this case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and an order enjoining Plaintiff Kenneth Jay Flynn ("Flynn") from filing additional lawsuits unless he has received pre-approval.

*First*, Flynn's Amended Complaint fails to state a claim under 42 U.S.C. § 1983. Flynn generally does not articulate a constitutional right that was violated and, in any event, Christian is a private entity, not a state actor. *Hartsoe v. Bullock*, No. 9:18-CV-00149-RHW, 2019 U.S. Dist. LEXIS 9325, at *9 (D. Mont. Jan. 18, 2019); *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 985 (1999). Moreover, Flynn's allegations, as plead, do not establish any wrongdoing by Christian: (1) Flynn signed the mineral deed before a notary; (2) the $67,000 was refunded to Flynn himself; and (3) Christian is utterly unconnected to the guardianship and foreclosure.

*Second*, Flynn's claims concerning the mineral deed (signed in 2009) and settlement monies (closing occurred in 2015) are barred by the statute of limitations that apply to § 1983 claims. *McAlpin v. Clem*, No. CV 21-00004-M-DLC, 2021 U.S. Dist. LEXIS 87132, at *8 (D. Mont. May 6, 2021). Those claims should have been brought by 2012 or 2018, respectively.

*Third*, Flynn's guardianship claim is barred by the *Rooker-Feldman* doctrine. Flynn's claim is essentially an attack on the (now dismissed) guardianship over him that is no longer in effect. This claim is essentially an appeal from a case that was resolved in his favor and this Court does not have jurisdiction to hear it. *Poulson v. Bullock*, No. CV 17-140-M-DLC-JCL, 2017 U.S. Dist. LEXIS 184490, at *6 (D. Mont. Nov. 7, 2017); *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

*Finally*, Flynn's largely unintelligible Amended Complaint is not the first time he has brought an unsubstantiated suit in federal court. Flynn has previously brought § 1983 claims in this Court and the ensuing docket and later appeal were both lengthy and involved numerous filings. Flynn has also brought suits in the United States Court of Federal Claims, where he has, twice, appealed to the United States Court of Appeals for the Federal Circuit. None of Flynn's claims have been meritorious and the Court of Federal Claims has entered a pre-filing injunction against Flynn in that court. Christian respectfully requests the Court do the same here.

A brief supporting this Motion is being filed concurrently.

DATED: November 30, 2022

                            BOONE KARLBERG P.C.

                            /s/Tyler M. Stockton
                            Matthew B. Hayhurst
                            Tyler M. Stockton
                            *Attorneys for Defendant Calvin T. Christian*