**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| KENNETH JAY FLYNN,<br><br>               Plaintiff,<br><br>   v.<br><br><br>KIRSTIN PABST, et al.,<br><br>               Defendants. | **CV-22-98-GF-BMM**<br><br><br><br>**ORDER** |

**INTRODUCTION**

Plaintiff Kenneth Flynn ("Flynn"), proceeding *pro se*, has sued several Defendants: United States Senator Jon Tester, Montana Attorney General Austin Knudsen, Montana State District Court Judge Jason Marks, Missoula County Attorney Kirstin Pabst, Fallon Flynn, Calvin Christian, Holly Mohercich, Dr. Thomas Grey, Dr. Christopher Jons, Missoula County Clerk of Court Sherley Faust, and Jeff Wilson. (Doc. 1); (Doc. 4.) Flynn brings this action under 42 § U.S.C. 1983, alleging violations of his constitutional rights.

Defendants Knudsen, Judge Marks, Morse, Wilson, Defendants Faust and Pabst, Defendant Jons, Defendant Mohercich, and Defendant Christian each have filed Motions to Dismiss. (Doc. 13); (Doc. 16); (Doc. 18); (Doc. 19); (Doc. 21).

**BACKGROUND**

Flynn alleges several constitutional violations concerning a Montana state court guardianship and conservatorship proceeding. Flynn claims that Fallon Flynn violated his constitutional rights by initiating the guardianship proceeding. (Doc. 4 at 6.) He alleges that Defendants Judge Marks, Knudsen, Pabst, Faust, Moree, and Wilson violated his constitutional rights due to their connection to the involuntary guardianship action, resulting in the temporary appointment of a guardian for Flynn. (*Id.* at 8-12); (Doc. 22-1.)

Flynn appears to allege that Judge Marks committed a constitutional violation by assuming jurisdiction over the action. (Doc. 4 at 8-12.) Flynn claims that Faust, as the Missoula County Clerk of Court, failed to file documents in the guardianship proceeding as Judge Marks had allegedly directed. (*Id.* at 8.) Flynn also asserts that Pabst, as Missoula County Attorney, violated his rights by facilitating the improper guardianship action. (*Id.*) Faust relatedly claims that Knudsen, as Montana's Attorney General, represents Faust's ultimate supervisor and should have intervened in the guardianship proceeding and had it dismissed. (*Id.*) Moree and Wilson served as Flynn's counsel in the guardianship proceeding; Flynn alleges that they violated his Sixth Amendment rights by failing to file motions to dismiss at Flynn's request. (*Id.* at 11-12.) Flynn claims that Dr. Jons violated his rights by improperly evaluating

2

Flynn as incompetent. (*Id.* at 7.) Flynn alleges that this evaluation contributed to Judge Mark's decision to appoint a guardian in Flynn's case. (*Id.*)

Flynn's Amended Complaint includes several claims related to allegedly missing mineral rights and a foreclosed commercial property. (*Id.* at 9.) Flynn asserts that he possesses mineral rights in Hill County and that his business, Sherlock Storage, owns real property in Missoula. (*Id.*) Flynn alleges that Christian, a private Missoula attorney, hid a warranty deed for the mineral rights and replaced it with a void mineral deed. (*Id.* at 13.) Flynn also alleges that Christian wrongfully participated in an effort to withhold settlement funds from Flynn and that Christian and Mohorcich, the trustee of a trust that lent money to Sherlock Storage, improperly have attempted to foreclose on Sherlock Storage's real property despite the business's default on a promissory note. (*Id.* at 19.) Flynn alleges that Christian and Mohorcich violated his Fifth Amendment property rights by taking advantage of the guardianship proceeding in order to foreclose on the Sherlock Storage real property and steal his mineral rights. (*Id.* at 19.)

Flynn's Amended Complaint includes substantial discussions of similar actions Flynn has brought against other defendants, including a suit filed in this Court and a suit filed in the Court of Federal Claims. *Flynn v. Pabst*, 2019 WL 4751916, (D. Mont. Sept. 30, 2019) *aff'd Flynn v. Pabst*, 2020 WL 13572460 (9th Cir. July 24, 2020); *Flynn v. United States*, No. 1:22-cv-583, (Fed. Cl. Sept. 12,

2022). Both this Court and the Court of Federal Claims dismissed Flynn's actions. *Id.* The Court of Federal Claims also enjoined Flynn from filing any new complaints absent his obtaining leave from the Chief Judge of the Court of Federal Claims. *Flynn v. United States*, No. 1:22-cv-583, (Fed. Cl. Sept. 12, 2022). The Court accordingly will not address any of Flynn's prior claims that he has referenced in the current action.

## DISCUSSION

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). The complaint must set forth sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). A claim plausible on its face requires a plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Factual allegations that only permit the court to infer "the mere possibility of misconduct" are not sufficient. *Id.* at 679. A court appropriately dismisses a complaint under Rule 12(b)(6) if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hospital Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

The Court must accept as true well-pleaded facts, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Flynn first fails to state claims against Defendants Knudsen and Senator Tester. Flynn also fails to state a claim against Defendant Dr. Gray. A plaintiff must present factual allegations against each individual defendant sufficient to state a plausible claim for relief and place each individual defendant on notice of the claim against them. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The allegations must link the actions or omissions of each named defendant to a violation of the plaintiff's rights. *Iqbal*, 556 U.S. at 676-77; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). Flynn's Complaint contains no specific allegations regarding Dr. Gray, Knudsen, or Senator Tester that indicate they had any personal involvement with the conduct that Flynn complains of, other than a conclusory allegation that "Dr. Thomas Gray [was] an imposter in the scheme . . ." and that Flynn "delivered a copy of the Guardianship petition to the Montana Attorney General's office with no response [and to] Jon Tester['s] office in DC, no response." (Doc. 4 at 10, 14.) These insufficient allegations fail to state a claim against Knudsen, Senator Tester, or Dr. Gray.

Flynn separately alleged that "supervisory control by Attorney General Austin Knudsen was missing." (*Id.* at 9.) Even an alternate 42 U.S.C. § 1983 claim under a supervisory theory, assuming that Montana law establishes that the Attorney General acts as supervisor to county attorneys, against Knudsen requires Flynn to have established that the Knudsen's prior knowledge of unconstitutional conduct, committed by subordinates, gave Knudsen notice of the need to intervene to prevent a constitutional violation. *See* Mont. Code Ann. § 2-15-501; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir., 1989); *Howell v. Earl*, 2014 WL 2594235 (D. Mont. May 30, 2014) (citing *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011)); *see also Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007). The Court will dismiss allegations against supervisors that resemble "bald" and "conclusory" allegations. *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012). Flynn includes no allegations in his Amended Complaint other than Knudsen's failure to respond to Flynn's complaints regarding the guardianship proceeding. (Doc. 4 at 10, 12.) These insufficient allegations fail to state a claim against Knudsen.

Flynn appears to allege that Judge Marks committed a constitutional violation by presiding over Flynn's involuntary guardianship action. (Doc. 4 at 12.) Judge Marks enjoys absolute immunity from lawsuits involving judicial action he took in the course of his duties in Flynn's guardianship case, so long as he acted within his capacity as a judge and possessed jurisdiction over the action. *Mireles v. Waco*, 502

U.S. 9, 11-12 (1991). Flynn has not alleged, and no evidence exists, that Judge Marks lacked subject matter jurisdiction over the guardianship proceeding or acted outside his judicial capacity in appointing a temporary guardian. *See* Mont. Code Ann §§ 3-5-302, 72-5-101 to -638. Judge Marks is entitled to absolute immunity for these reasons, regardless of how " . . . erroneous the act may have been, . . . however injurious in its consequences it may have proved to the plaintiff" and regardless of any of his alleged motivations. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985).

Defendant Faust, as a clerk of court, also proves immune from this lawsuit. Flynn alleges that Faust failed to file documents as Judge Marks allegedly directed. (Doc. 4 at 8.) Quasi-judicial immunity shields clerks of court from liability for acts integral to the judicial process. *Shipp v. Todd*, 568 F.2d 133, 134 (9th Cir. 1978). The act of filing documents as a court directs represents a task integral to the judicial process. *See Id.* Flynn's claims against Faust fail for this reason.

Defendant Pabst similarly enjoys immunity from Flynn's suit. Flynn appears to allege that Pabst violated his rights by overseeing the county attorney office that participated in the guardianship action. (Doc. 4 at 8.) Prosecutors such as Pabst generally remain immune from suit when they act as an advocate for the state. *See* Van de Kamp v. Goldstein, 555 U.S. 335 (2009). No evidence exists that Pabst played any role in the guardianship proceeding. Nevertheless, the "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and

which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Pabst would enjoy immunity for her conduct as an advocate for the state even if Flynn had alleged that she participated in the guardianship proceeding.

Flynn has alleged that his appointed attorneys in the guardianship action, Defendants Moree and Wilson, violated his Sixth Amendment rights. (Doc. 4 at 15.) Public defenders do not represent proper defendants in a 42 U.S.C. § 1983 action, however. *Polk Cty v. Dodson*, 454 U.S. 312, 324-25 (1981). Flynn has not alleged that his attorneys acted outside the scope of a lawyer's traditional functions as counsel in his proceeding. Moree and Wilson accordingly represented Flynn's interests in the state proceeding, even if allegedly incompetently. They did not represent the state's interests. *Miranda v. Clark Cty. of Nev.*, 319 F.3d 465, 468 (9th Cir. 2003).  They are not state actors for the purposes of 42 U.S.C § 1983. *Id.*; *Polk*, 454 U.S. at 324-25. Flynn's claims against them fail for this reason.

The Court will dismiss complaints for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

Flynn's Amended Complaint claims 42 U.S.C. § 1983 as the basis for the Court's jurisdiction over this case. Flynn includes claims against several private

individuals in this action. (Doc. 4.) The Defendants include Christian, a private attorney; Mohorcich, the trustee of an entity allegedly loaning money to Flynn's business; Dr. Jons, a private physician who allegedly wrote a letter regarding Flynn's mental health status; and Fallon Flynn, a private citizen who filed the petition in Flynn's guardianship case. (*Id.*) Flynn may not bring claims against these non-state actors under 42 U.S.C. § 1983.

A claim for relief under 42 U.S.C. § 1983 requires, at minimum, a plaintiff to allege the following: 1) the deprivation of a federal constitutional or statutory right; and 2) "that the deprivation was committed by a person acting under the color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Title 42, section 1983 does not reach "merely private conduct, no matter how discriminatory or wrongful." *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). "The United States Constitution protects individual rights only from government action, not from private action." *Single Moms, Inc. v. Montana. Power Co.*, 331 F.3d 743, 746 (9th Cir. 2003). Flynn has offered no evidence that these defendants engaged in anything other than private action. The Court lacks subject matter jurisdiction over Flynn's claims against these defendants for this reason.

## CONCLUSION

The Court has determined that Flynn has failed to state a claim against Senator Tester, Dr. Gray, Knudsen, Judge Marks, Faust, Pabst, Moree, and Wilson. Fed. R.

Civ. P. 12(b)(6). The Court also has determined that it lacks subject matter jurisdiction over Flynn's claims against Dr. Jons, Christian, Fallon Flynn, and Mohorcich. Fed. R. Civ. P. 12(b)(1). The Court will dismiss Flynn's Amended Complaint for the foregoing reasons.

Flynn already has once amended his complaint. The Court determines that any further attempts at amendment would prove futile in this case based on the preceding analysis. *See Walters v. Leahy*, 2013 WL 66926, at \*3 (D. Mont. Jan. 4, 2013). The Court accordingly dismisses Flynn's Amended Complaint with prejudice.

## ORDER

Accordingly, **IT IS ORDERED** that:

- Flynn's Motion for an Extension of Time (Doc. 9) is **DENIED** as moot. Flynn already has completed service of process on Defendants. The Defendants identified in the Motion have entered the suit and filed the Motions to Dismiss referenced in this Order.

- Defendants' Motions to Dismiss (Doc. 13); (Doc. 16); (Doc. 18); (Doc. 19); (Doc. 21) are **GRANTED**.

- Flynn's Motion for Default (Doc. 25); Motion to Deny Motions to Dismiss (Doc. 26); and Motion to Amend Motions (Doc. 27) are **DENIED** as moot.

DATED this 15th day of December, 2022.

Brian Morris, Chief District Judge
United States District Court